UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HECTOR ALFONSO FAJARDO GARZON,

    Petitioner,

v.

    Case No. 2:21-cv-10340
    Hon. Linda V. Parker

GLORY ANDREA CASTRILLON
DE HOFFMAN,

    Respondent.
_____/

## OPINION & ORDER GRANTING PETITIONER'S MOTION SEEKING APPOINTMENT OF PRO BONO COUNSEL (ECF NO. 7)

Petitioner Hector Alfonso Fajardo Garzon filed a Complaint against Respondent Glory Andrea Castrillon De Hoffman in the Western District of Michigan, alleging Respondent abducted their two minor children from Columbia to the United States in contravention of the Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and its implementing statutes, the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq*. (ECF No. 1 at Pg. ID 2.) The case was transferred to the Eastern District of Michigan on February 17, 2021. (*See* ECF No. 1.)

Prior to the transfer, on February 11, 2021, Judge Hala Y. Jarbou of the Western District of Michigan ordered Petitioner, who was originally represented by counsel, to obtain new counsel within 21 days. (ECF No. 2.) The deadline,

therefore, was March 5. Presently before the Court is Petitioner's Motion Seeking Appointment of Pro Bono Counsel, filed on March 8, along with an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 7.)

## APPLICABLE LAW

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). Instead, courts have broad discretion when deciding whether to grant an indigent civil litigant's request for counsel and generally do not grant such requests without a showing of "exceptional circumstances." *Id.* at 604-06. In determining whether an appointment is warranted, courts must consider whether the litigant has demonstrated that he is indigent, in addition to evaluating the type of case, the complexity of the factual and legal issues involved, and the ability of the litigant to represent himself. *See id.* at 606. In addition, as a general rule, appointment of counsel in a civil case is inappropriate when a litigant's claims are frivolous or have a slim chance of success. *Id.* at 604-05.

## ANALYSIS

The Court concludes that Petitioner has made a threshold showing of some likelihood of success. In addition, the legal issues in this case are complex, as they

involve an international treaty and statutory law, and Petitioner's ability to defend his case without the assistance of counsel is limited. Petitioner communicates with the Court via letters and motions translated from Spanish to English. (ECF No. 7 at Pg. ID 15.) This leads the Court to conclude that Petitioner has limited English reading and writing skills. Moreover, there is no indication the Petitioner has any legal training or a full understanding of his rights with respect to the present petition. Factual investigation may be necessary and, if so, Petitioner's ability to pursue such investigations may be limited for the reasons discussed above. In light of these circumstances, it appears unlikely that Petitioner will be able to meaningfully respond to the petition or participate effectively in this matter without the assistance of counsel. Additionally, Petitioner states in his motion that he is unable to afford counsel and a review of Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs suggests the same. (*See id.*) Finally, the outcome of the present petition, which relates to the parties' minor children, will likely profoundly impact the parties involved and it appears to the Court that the administration of this litigation and judicial efficiency will greatly benefit from the appointment of an experienced attorney who is familiar with federal practice.

## CONCLUSION

In light of the foregoing, the Court finds that the administration of justice and fairness to the litigants in this matter requires the appointment of pro bono counsel for

Petitioner.   However, the Court notes that, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead may only request that an attorney volunteer to represent a litigant.   If an attorney volunteers, the attorney will contact Petitioner directly and it is entirely Petitioner's decision whether to retain that attorney.   There is no guarantee, however, that an attorney will volunteer and Petitioner may be required to proceed with the case *pro se.*

Accordingly,

**IT IS ORDERED** that Petitioner's Motion Seeking Appointment of Pro Bono Counsel (ECF No. 7) is **GRANTED**.   This case will be referred to the Court's pro bono program administrator.   If an attorney is found who will agree to represent Petitioner in this case, an order of appointment will be entered.

**IT IS FURTHER ORDERED** that the above-captioned case is stayed for **5 days** or until appointment of counsel, whichever comes earlier.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 6, 2021

4

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 6, 2021, by electronic and/or U.S. First Class mail.

                                                      s/Aaron Flanigan
                                                     Case Manager